IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELCH FOODS, INC., A COOPERATIVE d/b/a WELCH'S, | ) ) ) |
| Plaintiff | ) |
| v. | ) Civil Action No. ___1:19cv322_ |
| GENERAL TEAMSTERS, LOCAL UNION NO. 397, | ) ) ) |
| Defendant | ) ) ) |

## COMPLAINT

Plaintiff, Welch Foods, Inc., A Cooperative d/b/a Welch's ("Welch's"), complains as follows:

1. This is an action to vacate a labor arbitration Award, which is brought pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C §185 et seq. ("The Act"). In her Award dated October 5, 2019, Arbitrator Michelle Miller-Kotula ("Arbitrator") ruled that Welch's had just cause to discipline a male Grievant for creating a hostile work environment by his threatening and intimidating behavior on January 11, 2019, which included misogynistic language that was abusive, sexually explicit and derogatory towards a female co-worker and women in general. Despite finding just cause to discipline the male Grievant for creating a hostile work environment, the Arbitrator reduced the discipline of the male Grievant from a termination to a 10-day suspension and ordered that he be returned to work. In requiring Welch's to return the male Grievant to work, the Arbitrator's Award conflicts with the well-defined and dominant public policy under federal law concerning sexual harassment in the workplace and the obligation of Welch's to prevent it and the legal obligation of Welch's to prevent

employee behavior which creates a hostile work environment. A copy of the Arbitrator's Opinion and Award is attached as Exhibit A.

2. Welch's is a business cooperative organized under the laws of the State of Michigan with its principal place of business in the Commonwealth of Massachusetts. Welch's produces grape juices, jams and jellies at several locations, including a production facility in North East, Pennsylvania, within the jurisdiction of this Court. Welch's is in an industry affecting commerce as defined in the Act.

3. Defendant, General Teamsters, Local Union No. 397 ("Union") is a voluntary association and an unincorporated labor organization engaged in representing employees in collective bargaining with employers. The Union is a labor organization within the meaning of the Act.

4. Welch's and the Union regularly conduct business within the jurisdiction of this Court. The arbitration hearing took place in Erie, Pennsylvania.

5. Venue is properly laid in this District pursuant to 28 U. S. C. §1391(b).

6. Welch's and the Union are parties to a collective bargaining agreement ("CBA") which became effective on June 7, 2016, and which is due to expire on June 6, 2020. A copy of the CBA is attached as Exhibit B. The CBA covers a unit of production, maintenance, shipping, receiving, processing and sanitation employees at the North East facility.

7. The Award arose out of a termination letter issued to the Grievant on January 21, 2019. The basis for the termination was the Grievant's behavior in a Processing Department breakroom on January 11, 2019. The termination letter stated that the Grievant created a "hostile work environment" by his "threatening and intimidating behavior and language." The investigation conducted by Welch's concluded that the Grievant "used language that was abusive,

sexually explicit, and derogatory" toward both a female co-worker who was in the breakroom as well as towards "women in the workplace." (Exhibit A at 1, 3.)

8. The investigation by Welch's also concluded that the Grievant had referred to his female co-workers as "Self-serving Vagina Bitches" and "fucking worthless," and that he pointed to his groin area and commented, "if you don't have one of these you are no good." The only other co-worker present stated that the Grievant called the female co-worker a "fucking no good vagina bitch" and that the term "fucking bitch" was used many times by the Grievant in the breakroom on January 11. (Exhibit A at 3, 6).

9. On January 22, 2019, the Union filed a grievance regarding the decision of Welch's to terminate. The grievance stated that the Union felt the Grievant "should be reinstated to full time employment." (Exhibit A at 2).

10. The Union grievance was processed through the CBA's grievance procedure and proceeded to arbitration, and a hearing was held on April 26, 2019, before Arbitrator Michelle Miller-Kotula.

11. On October 5, 2019, the Arbitrator issued her Opinion and Award. The Arbitrator determined that Welch's "had just cause to discipline the grievant." However, the Arbitrator stated that "the discipline imposed on the grievant was too harsh in this instance." The Arbitrator then issued her Award, which stated that the termination "is to be reduced to a 10-day suspension." She also directed that the Grievant "is to be made whole for losses incurred." (Exhibit A at 21-22).

12. The Grievant was disciplined on January 21, 2019, for creating a "hostile work environment" on January 11 which included "sexually explicit and derogatory" language. Despite her conclusion that Welch's had just cause to discipline the Grievant for creating a hostile work

environment, the Arbitrator nonetheless concluded that "the discipline imposed by the Company was too harsh in this instance." (Exhibit A at 1, 21).

13. Since the Arbitrator issued her Award on October 5, 2019, Welch's has learned that a number of female co-workers have requested that Welch's move their lockers from the Processing Department breakroom due to their fear of being near the Grievant if he is reinstated as a result of the Arbitrator's Award. Welch's has also learned that the Grievant, at some point before his termination on January 21, 2019, stated as follows in relation to his female co-workers: "Another thing I'm about fucking fed up with this womans movement this bullshit about I'm treated unfairly becouse [sic] I have a vagina."

14. Under the settled mandate of the United States Supreme Court, as applied by the courts within this judicial circuit, the Arbitrator's Award should be vacated if it violates a well-defined and dominant public policy. In Stroehmann Bakeries, Inc. v. Local 776, International Brotherhood of Teamsters, 969 F.2d 1436, 1441 (3d Cir. 1992), the United States Court of Appeals for the Third Circuit specifically held as follows:

> "There is a well-defined and dominant public policy concerning sexual harassment in the workplace which can be ascertained by reference to law and legal precedent. Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-2(a)(1) (West, 1981), prohibits employment discrimination on the basis of sex. The Supreme Court of the United States has interpreted this prohibition to include sexual harassment in the workplace which has either an economic effect on the complainant, or creates a hostile or offensive work environment. [citation omitted]….In addition to the public policy against sexual harassment in the workplace, a well-defined, dominant public policy favoring voluntary employer prevention and application of sanctions against sexual harassment in the workplace exists." [citations omitted].

15. The United States Court of Appeals for the Third Circuit has also specifically held that a single severe incident can constitute a hostile work environment, and that Welch's is required to take appropriate remedial sanctions when it is aware of such a single severe incident. Welch's

decision to terminate the male Grievant for the incident which occurred in Welch's Production Department breakroom on January 11, 2019—and which included the male Grievant's misogynistic language set forth in the Arbitrator's Opinion and Award—was consistent with the well-defined and dominant public policy of voluntary employer prevention and application of sanctions against sexual harassment its workplace.

16. The Award conflicts with and completely undermines the obligation of Welch's to prevent sexual harassment in its workplace and to apply sanctions against sexual harassment which creates a hostile or offensive work environment.

WHEREFORE, Plaintiff, Welch Foods, Inc., A Cooperative d/b/a Welch's, respectfully prays:

1. That the October 5, 2019 Award of Arbitrator Michelle Miller-Kotula be vacated; and

2. That the Court grant such other relief as may be just and proper.

Dated: October 31, 2019

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ James A. Prozzi*
James A. Prozzi
Pa. I.D. No. 26467
Douglas G. Smith
Pa. I.D. No. 56834
Liberty Center, Suite 1000
1001 Liberty Avenue
Pittsburgh, PA  15222

Attorneys for Plaintiff,
Welch Foods, Inc., A Cooperative
d/b/a Welch's