IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELCH FOODS, INC., ) | | |
| Plaintiff ) | | C.A. No. 19-322 Erie |
| ) | | |
| ) | | |
| v. ) | | **District Judge Susan Paradise Baxter** |
| ) | | **Magistrate Judge Richard A. Lanzillo** |
| GENERAL TEAMSTERS, LOCAL ) | | |
| UNION NO. 397, ) | | |
| Defendant. ) | | |

**MEMORANDUM ORDER**

**I.     BACKGROUND**

Plaintiff Welch Foods, Inc., initiated this action to vacate a labor arbitration award entered pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, *et seq.,* in relation to Defendant's grievance challenging Plaintiff's termination of a union employee ('the grievant") for creating a "hostile work environment" by using sexually abusive language toward his female co-workers. The arbitrator concluded that Plaintiff "had just cause to discipline the grievant," but determined that "the discipline imposed was too harsh." As a result, the arbitrator reduced the grievant's termination to a ten-day suspension. Plaintiff contends that the arbitrator's order to reinstate the grievant violates a well-defined and dominant public policy against sexual harassment in the workplace.

This matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates, and was subsequently reassigned to the undersigned, as presiding judge, with Judge Lanzillo remaining as the referred Magistrate Judge

for all pretrial proceedings.

On August 6, 2020, Judge Lanzillo issued a Report and Recommendation ("R&R") recommending denial of Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 14]. In particular, Judge Lanzillo determined that, "[b]ecause the Arbitrator's Award does not address whether Grievant committed the conduct of which he was accused, and upon which [Plaintiff] determined he engaged in sexual harassment, thereby necessitating his termination, the allegations of the complaint state a claim for vacating the award." (ECF No. 14, at p. 10, citing Stroehmann Bakeries, Inc. v. Local 776, Int'l Bhd. Of Teamsters, 969 F.2d 1436, 1441-42 (3d Cir. 1992), cert. denied 506 U.S. 1022 (1992)).

Defendant filed timely objections to the R&R [ECF No. 15] raising a number of alleged errors more specifically defined in its supporting brief [ECF No. 16] as follows:

1. The Magistrate Judge erred as a matter of law and fact in his application of the narrow scope of judicial review of the arbitration award in question;

2. The Magistrate Judge erred as a matter of law and fact in finding that the arbitrator "did not address the specific conduct of which [the employee] was accused;"

3. The Magistrate Judge erred as a matter of law and fact in finding "however, the fact that the female employee participated in, or even instigated, in verbal confrontation does not authorize or invite language and conduct such as the language and conduct grievant is alleged to have demonstrated on January 11, 2019;"

4. The Magistrate Judge erred as a matter of law and fact in finding that the arbitrator found the grievant guilty of sexual harassment;

5. The Magistrate Judge erred as a matter of law and fact in finding that "the Court cannot identify or divine any specific findings by the arbitrator on the most crucial factual issues of the case;" and

      6. The Magistrate Judge erred as a matter of law in misinterpreting and misapplying the Third Circuit decision in <u>Stroehmann.</u>

Plaintiff has since filed a response to Defendant's objections [ECF No. 18].

## II. <u>DISCUSSION</u>

### A. <u>Scope of Review</u>

Despite filing a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant asserts that "[t]he Rule 12(b) standard is really not relevant because this case presents a pure question of law based upon the extremely narrow scope of judicial review of arbitration awards." (ECF No. 16, at p. 1). In making this argument, Defendant is apparently confusing Plaintiff's ultimate burden of proof with its burden of pleading "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombley</u>, 550 U.S. 554, 570 (2017) (ECF No. 14, at pp. 3-4). The latter is the appropriate standard for a Rule 12(b) motion, which was correctly applied by the Magistrate Judge to determine whether Plaintiff's allegations establish a plausible basis for vacating the arbitration award at issue. In applying this standard, Judge Lanzillo acknowledged "[t]he policy favoring the enforcement of labor arbitration awards

As for the application of this standard, Defendant asserts that the Magistrate Judge failed to abide by the strict standard generally applicable to the review of arbitration awards, noting that he failed to "defer to the arbitrator's interpretation of the evidence and facts that were presented to her" (ECF No. 16, at p. 8). Yet, Judge Lanzillo aptly observed that "[t]he policy favoring the enforcement of labor arbitration awards, … is not absolute. Courts may refuse to enforce an arbitration award issued under a CBA when the award violates public policy." (ECF No. 14, at p. 5). He then reviewed Plaintiff's allegations to determine whether they sufficiently established a plausible basis for finding that the arbitration award violated public policy, in accordance with

established Supreme Court precedent. (ECF No. 14, at p. 5) (citing W.R. Grace & Co. v. Rubber Workers, 461 U.S. 757 (1983); United Paperworkers Int'l Union v. Misco, 484 U.S. 29 (1987); and Eastern Associated Coal Corp. v. United Mine Workers of America, 531 U.S. 57 (2000)). In so doing, Judge Lanzillo limited his review by noting the Third Circuit Court's admonition that, "[i]n order to trigger the exception a party must show that the 'award create[s] an explicit conflict with an explicit public policy." (Id. at p. 6) (citing United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 382 (3d Cir. 1995)).

In its complaint, Plaintiff alleges that the arbitrator's award reinstating the grievant violates a "well-defined and dominant public policy against sexual harassment in the workplace." (ECF No. 14, at p. 3; ECF No. 1, at ¶¶ 14-16). Thus, the Court finds that the Magistrate Judge applied the proper scope of review to Plaintiff's allegations in light of Defendant's motion to dismiss.

**B.      Specific Findings**

Initially, Defendant objects to the Magistrate Judge's finding that the arbitrator "did not address the specific conduct of which [the grievant] was accused." (ECF No. 14, at p. 9). In making this objection, Defendant accuses the Magistrate Judge of exceeding his authority by redefining the issue before the arbitrator as "whether or not the grievant was guilty of sexual harassment," when "[i]t is undisputed that [the grievant] was not discharged for "sexual harassment" but rather for "creating a hostile work environment." (ECF No. 16, at p. 8). Later, Defendant asserts that "[t]he Magistrate Judge made a factual finding about the accusation of 'sexual harassment' out of thin air" (Id. at p. 16). The Magistrate Judge did no such thing.

Though the termination letter addressed to the grievant advised him that his discharge was based upon "his having created a hostile work environment," Judge Lanzillo appropriately

4

noted "[t]he termination letter further specified that Grievant had used language toward a female employee (and women in the workplace generally) that was "abusive, sexually explicit, and derogatory." (ECF No. 14, at p. 2). The Magistrate Judge then ably construed the totality of these allegations as implicating sexual harassment. In so doing, Judge Lanzillo pointed out that the grievant's alleged conduct aligned with the EEOC's definition of sexual harassment, which includes "verbal or physical conduct of a sexual nature" that "has the purpose or effect of … creating an intimidating, hostile, or offensive work environment." (Id. at p. 7). Thus, rather than "redefining" the issue before the arbitrator, the Magistrate Judge illuminated it.

The Magistrate Judge then proceeded to review the arbitrator's findings in light of the Third Circuit Court's decision in Stroehmann, which authorizes a district court to vacate an arbitration award when the arbitrator reinstates an employee accused of sexual harassment without making findings as to whether the employee engaged in the conduct upon which the accusation was based. (Id. at p. 8, citing Stroehmann, 969 F.3d at 1437-38).[1] In this regard, Judge Lanzillo observed that the arbitrator merely found that the grievant had engaged in "foul" and "inappropriate" language and conduct without addressing the specific, sexually explicit nature of the grievant's conduct of which he was accused.[2]

Nonetheless, Defendant asserts that "[b]oth the accuser and the grievant used

---

[1] Largely based on its continual insistence that the grievant was not accused of sexual harassment, Defendant objects to the Magistrate Judge's application of Stroehmann to the present case. Because the Court agrees with the Magistrate Judge's construction of Plaintiff's allegations against the grievant, Defendant's objection is unavailing.

[2] According to Plaintiff's allegations and the testimony before the arbitrator, the grievant was accused of calling his female co-workers "self-serving vagina bitches" and "fucking worthless;" pointing to his groin area and stating "if you don't have one of these you are no good;" and calling the female co-worker involved in the incident at issue a "fucking no good vagina bitch" and repeatedly using the term "fucking bitch." (ECF No. 14, at p. 2).

5

inappropriate and foul language during an argument over a union issue. This is not sexual harassment and there is absolutely no evidence of such in the record." (ECF No. 16, at p. 9). In making such a blanket assertion, Defendant commits the same oversight as the arbitrator. By overlooking the sexually explicit nature of the grievant's words and conduct, the arbitrator equated his language and conduct to that of his female accuser, who was merely found to have "raised her voice and also used inappropriate language." (ECF No. 1-2, at pp 21-23).[3] Such a neutral finding fails to address the specific conduct underlying Plaintiff's decision to terminate the grievant. Given the nature of Plaintiff's allegations and the grievant's alleged conduct, the Magistrate Judge's finding in this regard was appropriate.

Defendant's remaining objections to specific findings of the Magistrate Judge essentially flow from its belief that the Magistrate improperly "manufactured" facts and ignored the arbitrator's findings. Yet, it is Defendant who misconstrues the findings of both the arbitrator and the Magistrate Judge in an effort to support its objections. For instance, Defendant asserts that "the Magistrate Judge ignored the fact that the Arbitrator never found that [the grievant] committed the acts alleged to have been committed on January 11, 2019." (ECF No. 16, at p. 11). However, as already discussed, the Magistrate Judge did not *ignore* the arbitrator's failure to find that the grievant committed the acts alleged to have occurred on January 11, 2019, he *stressed* the arbitrator's failure to address such conduct. Defendant also makes the baffling assertion that the Magistrate Judge erred in finding that the arbitrator found the grievant guilty of sexual harassment (Id.), when Judge Lanzillo made no such finding. Defendant claims further

---

[3] Inexplicably, Defendant also asserts that the arbitrator found that the grievant "did not engage in the creation of a hostile work environment as alleged by [Plaintiff]" (ECF No. 16, at p. 10); however, no such finding was made by the arbitrator.

that the arbitrator "made a very clear determination that the allegation of hostile environment was not proven by the employer" and "could not be clearer in her findings" (Id. at p. 13); yet, the arbitrator made no such determination. The arbitrator simply determined that "the discipline imposed by the Company was too harsh in this instance" primarily because the grievant "was not the one who caused the argument" with his female co-worker. (ECF No. 1-2, at p. 21). This is far from a "clear determination" that the grievant's conduct did not create a hostile environment.

In closing, the Court is compelled to admonish Defendant for the tone of its objections. Throughout its brief, Defendant goes to great lengths to disparage the integrity of the Magistrate Judge by accusing him of "manufacturing facts," "creating facts out of thin air," being "disingenuous," exercising "paternalistic views of women in the workplace," and even "accusing a female arbitrator of being misogynous." Such inflammatory statements are not well taken and are not looked upon favorably.

After *de novo* review of the complaint, Defendant's motion to dismiss, and Plaintiff's opposition thereto, together with the report and recommendation filed in this case, the following order is entered:

AND NOW, this 30th day of September, 2020;

IT IS HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 4] is DENIED. The report and recommendation of Magistrate Judge Lanzillo, issued August 6, 2020 [ECF No. 14], is adopted as the opinion of the Court.

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo

United States Magistrate Judge