IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELCH FOODS, INC., )<br>   Plaintiff       ) | C.A. No. 19-322 Erie |
| )<br>)<br>v.             )<br>) | **District Judge Susan Paradise Baxter**<br>**Magistrate Judge Richard A. Lanzillo** |
| GENERAL TEAMSTERS, LOCAL )<br>UNION NO. 397,       )<br>   Defendant.      ) | |

## MEMORANDUM ORDER

**I.** **BACKGROUND**

Plaintiff Welch Foods, Inc., initiated this action to vacate a labor arbitration award entered pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, *et seq.*, in relation to Defendant's grievance challenging Plaintiff's termination of a union employee ("the grievant") for creating a "hostile work environment" by using sexually abusive language toward his female co-workers. The arbitrator concluded that Plaintiff "had just cause to discipline the grievant," but determined that "the discipline imposed was too harsh." As a result, the arbitrator reduced the grievant's termination to a ten-day suspension. Plaintiff contends that the arbitrator's order to reinstate the grievant violates a well-defined and dominant public policy against sexual harassment in the workplace.

This matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates, and was subsequently reassigned to the undersigned, as presiding judge, with Judge Lanzillo remaining as the referred Magistrate Judge

1

for all pretrial proceedings.

Defendant previously filed a motion to dismiss Plaintiff's complaint, which was denied by this Court by Order dated September 30, 2020 [ECF No. 21]. The parties subsequently filed cross motions for summary judgment, which are currently pending. [ECF Nos. 24, 33].

On January 25, 2021, Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that this matter be remanded to the Arbitrator for clarification of the following findings of fact in her Award of October 5, 2019:

1. The Arbitrator's specification of her factual findings regarding the sexual harassment allegations against [the grievant]; and

2. If the Arbitrator found merit to those allegations, her consideration of the "pertinent public policy" against sexual harassment in the workplace. (citation omitted).

(ECF No. 38, at p. 8). The R&R recommends further that both parties' motions for summary judgment be dismissed, without prejudice to refiling upon clarification of the Arbitrator's Award. (Id.).

Plaintiff has since filed timely objections to the R&R [ECF No. 39], raising three alleged errors more specifically defined in its supporting brief [ECF No. 40] as follows:

1. The Magistrate Judge erred in finding that although the Arbitrator found that Grievant engaged in "foul" and "inappropriate" behavior, "she did not specify the substance of either." (R&R at 6). To the contrary, the Arbitrator credited detailed testimony which explicitly described the substance of the "foul" and "inappropriate" conduct;

2. The Magistrate Judge erred in finding that remand was necessary because the Arbitrator did not determine whether Grievant's actions amounted to sexual harassment. (R&R at 6-7). [Plaintiff] urges that because the Arbitrator found specific conduct occurred which constitutes sexual harassment as a matter of law, remand is not necessary;

2

3. The Magistrate Judge erred in finding that the ambiguity exception of <u>Colonial Penn Ins. Co. v. Omaha Indem. Co.</u>, 943 F.2d 327, 334 (3d Cir. 1991), and other cited cases, is applicable to this dispute. (R&R at 8). The exception does not apply because, in this matter, there was no ambiguity in the award.

(ECF No. 40, at pp. 2-3).

Defendant has filed a brief in opposition to Plaintiff's objections [ECF No. 41], arguing that Judge Lanzillo correctly refused to vacate the arbitration award and that remand is the only appropriate remedy when the Court finds the award ambiguous.

## II. DISCUSSION

Plaintiff objects to the Magistrate Judge's findings that the Arbitrator merely found that the grievant had engaged in "foul" and "inappropriate" language and conduct without specifying the substance of either, and that "the Arbitrator did not determine whether [the grievant's] actions amounted to sexual harassment" (ECF No. 38, at p. 6). Plaintiff asserts that these findings were made in error because, in her decision, the Arbitrator credited witness testimony of the grievant's sexually explicit comments which, Plaintiff argues, "is tantamount to finding that Grievant did create a hostile work environment and committed sexual harassment" (ECF No. 40, at p. 5). In other words, Plaintiff is essentially asking this Court to infer from the Arbitrator's decision the substance of the words "foul" and "inappropriate," which the Arbitrator did not specifically provide herself, and to then attribute a finding of sexual harassment that does not otherwise appear in the Arbitrator's conclusion. Such is not the province of the Court. Recognizing this, the Magistrate Judge appropriately declined to resolve any ambiguity and has, instead, recommended a remand to allow the Arbitrator to provide the necessary clarification of her findings.

Yet, the appropriateness of the remand is the subject of Plaintiff's final objection. In

3

particular, Plaintiff argues that a remand to the arbitrator is only appropriate "'when the remedy awarded by the arbitrator is ambiguous'" (ECF No. 40, at pp. 7-8, quoting <u>United Elec., Radio & Machine Workers of America v. Gen. Elec. Co.</u>, 2020 WL 1542375 at *3 (W.D. Pa. Mar. 31, 2020)). Here, Plaintiff contends, the remedy is clear – the grievant's termination has been reduced to a ten-day suspension. Thus, according to Plaintiff, there are no appropriate grounds for a remand. The Court disagrees with Plaintiff's simplistic approach.

While the ultimate remedy awarded by the arbitrator is, indeed, clear on its face, the ambiguity lies in the basis upon which the remedy was awarded. As the Magistrate Judge aptly observed, "The Court's ability to determine whether an arbitration award violates public policy is frustrated where ambiguity or gaps exist in the factual findings of the arbitrator." (ECF No. 38, at p. 5). Here, because the arbitrator has not made clear whether the grievant's conduct amounted to sexual harassment, Judge Lanzillo correctly determined that "This precludes the Court from sustaining or vacating the Award and begs the question of what alternative action is appropriate." (<u>Id</u>. at p. 7). Thus, remand is appropriate.

After *de novo* review of the documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 12th day of August, 2021;

IT IS HEREBY ORDERED that this matter shall be remanded to Arbitrator Michelle Miller Kotula for clarification of the findings of her Award of October 5, 2019, as follows:

1. The Arbitrator's specification of her factual findings regarding the sexual harassment allegations against the grievant, and

2. If the Arbitrator found merit to those allegations, her consideration of the "pertinent public policy" against sexual harassment in the workplace.

4

IT IS FURTHER ORDERED that the Parties' cross motions for summary judgment [ECF Nos. 24, 33] be DISMISSED, without prejudice to refiling upon clarification of the Arbitrator's Award. The report and recommendation of Magistrate Judge Lanzillo, issued January 25, 2021 [ECF No. 38], is adopted as the opinion of the Court.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
United States Magistrate Judge