IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELCH FOODS, INC., <br>     Plaintiff <br><br> v. <br><br> GENERAL TEAMSTERS, LOCAL <br> UNION NO. 397, <br>     Defendant. | C.A. No. 19-322 Erie <br><br> District Judge Susan Paradise Baxter <br> Chief Magistrate Judge Richard A. Lanzillo |

## **MEMORANDUM ORDER**

**I.     BACKGROUND**

Plaintiff Welch Foods, Inc., initiated this action to vacate a labor arbitration award entered pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, *et seq.,* in relation to Defendant's grievance challenging Plaintiff's termination of a union employee ("the grievant") for creating a "hostile work environment" by using sexually abusive language toward his female co-workers. The arbitrator concluded that Plaintiff "had just cause to discipline the grievant," but determined that "the discipline imposed was too harsh." As a result, the arbitrator reduced the grievant's termination to a ten-day suspension. Plaintiff filed this action to vacate the arbitrator's order to reinstate the grievant on the grounds that it violates a well-defined and dominant public policy against sexual harassment in the workplace.

This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates, and was subsequently reassigned to the undersigned, as presiding judge, with Judge Lanzillo remaining as the referred Magistrate

1

Judge for all pretrial proceedings.

Defendant previously filed a motion to dismiss Plaintiff's complaint, which was denied by this Court by Order dated September 30, 2020 [ECF No. 21]. The parties subsequently filed cross motions for summary judgment. [ECF Nos. 24, 33].

On January 25, 2021, Judge Lanzillo issued a Report and Recommendation recommending that this matter be remanded to the Arbitrator for clarification of the following findings of fact in her Award of October 5, 2019:

1. The Arbitrator's specification of her factual findings regarding the sexual harassment allegations against [the grievant]; and

2. If the Arbitrator found merit to those allegations, her consideration of the "pertinent public policy" against sexual harassment in the workplace. (citation omitted).

(ECF No. 38, at p. 8). Judge Lanzillo recommended further that both parties' motions for summary judgment be dismissed, without prejudice to refiling upon clarification of the Arbitrator's Award. (Id.).

By Memorandum Order dated August 12, 2021, this Court adopted Judge Lanzillo's recommendations and remanded this matter to the Arbitrator for clarification, as outlined in Report and Recommendation [ECF No. 42]. The case was then administratively closed pending receipt of the Arbitrator's clarification. [ECF No. 43].

On August 7, 2023, counsel for Defendant filed a status report [ECF No. 47] attaching a copy of the Arbitrator's clarification of her prior decision, which contained responses to the two issues posed in the Memorandum Order [ECF No. 47-1]. Specifically, the Arbitrator clarified that she "did not find the grievant engaged in sexual harassment and the Company did not contend in his termination letter that he was involved in sexual harassment," and that "because

2

[the Arbitrator] did not find sexual harassment occurred during this incident in the workplace, the 'pertinent public policy' argument was not applicable to the arbitration award and therefore was not addressed." (ECF No. 47-1, at p. 4).

Upon receipt of the Arbitrator's clarification, the Court reopened this case and the parties renewed their motions for summary judgment. [ECF Nos. 51, 56]. Oral argument on the motions was then heard by Judge Lanzillo on March 14, 2024.

After considering the parties' motions and oral arguments, Chief Magistrate Judge Lanzillo issued a Report and Recommendation on April 16, 2024 ("R&R") recommending that Defendant's summary judgment motion be granted and Plaintiff's summary judgment be denied [ECF No. 61]. In particular, Judge Lanzillo found that, "[b]ecause the Arbitrator's clarification of her award disavows any finding that Grievant engaged in sexual harassment, the Court has no authority to vacate the award." (Id. at p. 9).

Plaintiff filed timely objections to the R&R on April 30, 2024 [ECF No. 62], along with a supporting brief [ECF No. 63], arguing that the Chief Magistrate Judge erred in the following ways: (1) "finding that the Arbitrator's 'clarification sufficiently resolves [the] ambiguity' in the original award as to the Grievant's specific conduct;" (2) "disregarding what the Arbitrator did say in the clarification regarding what the Grievant said to the female co-worker;" (3) "concluding that the Arbitrator did not find that sexual harassment occurred during [the incident in question];" (4) "concluding that the Arbitrator found that the Grievant's conduct did not rise to the level of sexual harassment because it was not severe or pervasive;" (5) "failing to find that the award, even with the clarification, conflicts with the public policy against sexual harassment in the workplace;" and (6) "failing to find that the Arbitrator's two year delay in answering the Court's remand was a dereliction of her duties and an independent basis for vacating the award."

3


(ECF No. 62, at ¶¶ 1-6). Defendant has since filed a brief in opposition to Plaintiff's objections [ECF No. 64]. Plaintiff's objections will now be considered in turn.

## II.   DISCUSSION

### A.   Arbitrator's Clarification Regarding Grievant's Specific Conduct

Plaintiff objects to the Magistrate Judge's finding that the Arbitrator's clarification "sufficiently resolves [the] ambiguity" regarding "whether Grievant engaged in the specific conduct described by the co-worker or whether Grievant's actions constituted sexual harassment." (ECF No. 61, at p. 7). In particular, Plaintiff argues that "[t]he Arbitrator's characterization of [Grievant's] words as 'inappropriate' simply begs the question as to what he actually said." (ECF No. 63, at p. 10). In short, Plaintiff objects to the fact that the Arbitrator's clarification fails to include the exact foul words that were used by Grievant that she considered in making her determination. But the Arbitrator had already recounted those words in her original award. Indeed, the Chief Magistrate Judge aptly observes in his R&R,

> The Arbitrator's initial award carefully reviewed the testimony and other evidence adduced during the arbitration proceedings, including the testimony of the female co-worker with whom Grievant had the verbal exchange in the company breakroom. The award did not include any findings regarding that evidence, including any findings whether Grievant engaged in the specific conduct described by the co-worker or whether Grievant's actions constituted sexual harassment.

(ECF No. 61, at p. 7).

In other words, in her initial award, the Arbitrator failed to adequately state her conclusions as to whether the Grievant engaged in the described conduct and, if so, whether such conduct constituted sexual harassment. In this regard, Judge Lanzillo notes that, in her clarification, the Arbitrator specifies that she "determined… that both the grievant, and [the co-employee] engaged in inappropriate language in the workplace and that [the co-employee] was

4

the instigator in the incident that occurred...," and that ultimately she "did not find sexual harassment occurred during this incident in the workplace..." (Id.). Thus, Judge Lanzillo did not err in finding that the Arbitrator's clarification "sufficiently resolves [the] ambiguity" regarding her findings as to whether Grievant's conduct constituted sexual harassment.

**B.    Arbitrator's Reference to Defendant's Termination Letter**

In her clarification, the Arbitrator states that she "based her findings on the reasons the Company terminated the grievant, which did not include a charge of sexual harassment." (ECF No. 47-1, at p. 3). Plaintiff argues that the Chief Magistrate Judge erred in failing "to acknowledge the Arbitrator's crediting of the reasons in the Company's termination letter" and "ignored that the termination letter described sexual harassment under the law." (ECF No. 63, at p. 11). According to Plaintiff, "the Magistrate Judge should have found that [the Arbitrator's] crediting of the termination letter was a finding of sexual harassment." (ECF No. 62, at ¶ 2).

By this, Plaintiff is essentially arguing that Judge Lanzillo should have disregarded the Arbitrator's express clarification that she "did not find the grievant engaged in sexual harassment" and, instead, attribute a finding of sexual harassment that does not otherwise appear in the Arbitrator's conclusion. However, the Chief Magistrate Judge appropriately refused to do so, finding that "read i[n] their entirety and with due deference to the Arbitrator, the award and clarification reflect her finding that Grievant's conduct did not rise to the level of sexual harassment," and noting that "[t]his conclusion is not plainly inconsistent with her factual findings." (ECF No. 61, at p. 8). The Court finds Judge Lanzillo's reasoning in this regard to be appropriate and well-founded.

**C.    Misquotation of Arbitrator's Clarification**

Plaintiff contends that the Chief Magistrate Judge misquoted the Arbitrator's clarification

by stating that "Ultimately, the "arbitrator did not find sexual harassment occurred during this incident in the workplace" (ECF No. 61, at p. 7), arguing that "the quoted sentence does not appear anywhere in the clarification." (ECF No. 63, at p. 11). This argument borders on being disingenuous. While, admittedly, the word "ultimately" is mistakenly included as part of the quotation, the remainder of the quoted statement is taken verbatim from the first line of the final paragraph of the Arbitrator's clarification (ECF No. 47-1, at p. 4).

Plaintiff then adds that, in any event, the quoted language was "taken out of context" because it "ignores the totality of what the Arbitrator said in the clarification." (ECF No. 62, at ¶ 3). In particular, Plaintiff argues that the reason the Arbitrator did not find "sexual harassment" is because she found that the termination letter did not include those words. But, in making this argument, Plaintiff is guilty of doing the very thing it claims the Chief Magistrate Judge has done: it ignores the totality of the Arbitrator's findings.

In her clarification, the Arbitrator expressly states that she "did not find the grievant engaged in sexual harassment *and* the Company did not contend in his termination letter that he was involved in sexual harassment." (ECF No. 47-1, at p. 4). This conclusion is clearly stated in the conjunctive. The Arbitrator then reiterated the first reason in the subsequent paragraph quoted, in part, by Judge Lanzillo, "Because this arbitrator did not find sexual harassment occurred during this incident in the workplace,…" (Id.). These two statements by the Arbitrator fully support the Chief Magistrate Judge's conclusion that the Arbitrator did not find that sexual harassment occurred. Plaintiff's objection in this regard is unfounded.

**D.**     **Severe or Pervasive Standard**

In the R&R, the Chief Magistrate Judge cites the standard for finding sexual harassment, stating that "Sexual harassment is present where the conduct is sufficiently severe or pervasive to

6

alter the conditions of [the victim's] employment and create an abusive working environment." (ECF No. 61, at p. 8) (citations and internal quotations omitted). By doing so, Plaintiff argues that Judge Lanzillo "manufactured a rationale that the Arbitrator herself never adopted." (ECF No. 62, at ¶ 4). However, the standard cited by the Chief Magistrate Judge did not form the basis of his decision. Rather, Judge Lanzillo gave credence to "[t]he Arbitrator's ultimate assessment … that the Grievant's conduct, while offensive and inappropriate, did not constitute sexual harassment warranting dismissal and that a suspension identical to the suspension imposed upon the female co-worker was the appropriate discipline for the Grievant under the CBA," before finding that, "[a]s clarified, this conclusion does not violate the public policy against sexual harassment in the workplace." (ECF No. 61, at p. 8). Consequently, Plaintiff's argument in this regard is unavailing.

### E. Failure to Find the Award Violated Public Policy Against Sexual Harassment

Plaintiff contends that the Chief Magistrate Judge erred in finding that the Arbitrator's Award did not conflict with the dominant and well-defined public policy against sexual harassment in the workplace and should have recommended that the Award be vacated. This contention is based upon Plaintiff's application of Stroehmann Bakeries, Inc. v. Local 7756, Int'l Brotherhood of Teamsters, 969 F.2d 1436 (3d Cir. 1992), in which the Third Circuit held that "an award which fully reinstates an employee accused of sexual harassment without a determination that the harassment did not occur violates public policy." 969 F.2d at 1442. However, in Stroehmann, the Court noted that "the arbitrator expressly refused to find whether the alleged sexual harassment occurred," and instead found that the employer "had insufficiently investigated the alleged incident before discharging [the plaintiff]." Such is not the case here and, thus, Stroehmann is inapposite.

7

**F.      Arbitrator's Delay in Providing Clarification**

Finally, Plaintiff asserts that the Chief Magistrate Judge erred in failing to vacate the Award because of the Arbitrator's two-year delay in issuing a clarification. Plaintiff makes this assertion based on 29 C.F.R. § 1404.14, which provides that an arbitrator "must make awards no later than 60 days from the date of the closing of the record...." (ECF No. 63, at p. 19). However, as Defendant notes in its opposition brief, 29 C.F.R. § 1404.14 applies to the issuance of arbitration awards, not responses to remand orders, and there is nothing in the regulation indicating that failure to comply with its deadline invalidates the arbitration decision. (ECF No. 64, at p. 8). Thus, there is no sound legal basis for Plaintiff's argument in this regard.

After *de novo* review of the documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 23rd day of September 2024;

IT IS HEREBY ORDERED that Defendant's cross motion for summary judgment [ECF No. 56] be GRANTED and that Plaintiff's renewed motion for summary judgment [ECF No. 51] be DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Oral Argument [ECF No. 65] is DISMISSED as moot.

AND, IT IS FURTHER ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, issued April 16, 2024 [ECF No. 61], is adopted as the opinion of the Court.

The Clerk is directed to mark this case CLOSED.

_____
SUSAN PARADISE BAXTER
United States District Judge

cc:    The Honorable Richard A. Lanzillo
       Chief United States Magistrate Judge